100 551
130 256

## QUINN v. KINYON, *Appellant.*

**Homesteads**: ESTATE OF MINOR CHILDREN UNDER G. S. 1865. Under the homestead law as it existed in 1873 (G. S. 1865, pp. 449–451) the minor children took the homestead estate free from liability for the debts of the deceased as long as it remained such homestead, but the homestead right of each child expired when it attained its majority.

*Appeal from Butler Circuit Court.*—C. L. KEATON, EsQ., Special Judge.

AFFIRMED.

THIS is an action of ejectment for a lot of land in Butler county. The pleadings are in usual form and need not be recited.. The material facts are not disputed.

S. H. Strout is the common source of title. He died in August, 1873, leaving three minor children, but no widow. The property in dispute was his homestead. His children afterwards became of age and then conveyed their interest in the homestead property to plaintiff.

The estate of Strout was insolvent and there being a deficiency of personal assets for the payment of its debts the administrator *de bonis non* duly sold the land in dispute to satisfy the unpaid demands. The proceedings for this sale were begun in the probate court after all the children of Strout had become of age and are conceded to have been regular. Defendant's title is traced through this sale. Her possession, since 1885, is admitted.

The trial court found for defendant and plaintiff appealed in due course.

*L. D. Grove* for appellant.

From the agreed facts it appears that S. H. Strout died in 1873, owning and occupying the lands in controversy as a homestead with his three minor children. After his death, and in 1875, the probate court set off and assigned all of this property to said minors as a homestead. They occupied and enjoyed the same till they all became of age and then conveyed to the plaintiff. About the same time the administrator *de bonis*

*non* of the estate of said Strout obtained an order from
the probate court to sell this land to pay the debts of
S. H. Strout, and, by virtue of such order, did sell, and
that the defendant is now in possession of the said
property, and claims to hold it through the administra-
tor's deed, made by administrator Wear, to J. E.
Adams as guardian. The rental value of the property
is fifteen dollars per month. The common source of
this title is admitted in S. H. Strout. The plaintiff
being the grantee of all the heirs of S. H. Strout com-
pletes his title and makes his right of action complete,
unless the title was conveyed by the administrator's
sale. The statute, section 5, chapter 3, of the general
statute of 1865, being in force at the time of the death
of S. H. Strout, controls this case. That statute pass-
ing the title to homestead to the minor children (in case
no widow survives), "without being subject to the pay-
ment of debts," cannot be construed to mean that it may
be sold to pay debts as the court below held in this
case.

*George H. Benton* for respondent.

The judgment is obviously for the right party. It
was manifestly the intention of the legislature to
secure to minors the homestead of their father free from
his debts during their minority only. After the minors
attained their majority the homestead goes to the heirs
of the deceased subject to payment of debts as other
property. *Poland v. Vesper*, 67 Mo. 728; *Sims v. Gray*,
66 Mo. 616 ; *Evans v. Snyder*, 64 Mo. 516.

BARCLAY, J.—The rights here in question under the
homestead law are .governed by the statutes in force in
1873 when S. H. Strout died; that is to say by the
Revised Statutes of 1865, which declared that " if any
such housekeeper or head of a family shall die, leav-
ing a widow or any minor children, his homestead, to

the value aforesaid, shall pass to and vest in such widow or children, or if there be both to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged therein in his lifetime; and such widow and children, respectively, shall take the same estate therein of which the deceased died seized; provided, that such children shall, by force of this chapter, only have an interest in such homestead until they shall attain their majority; and the probate court, having jurisdiction of the estate of such deceased housekeeper or head of a family, shall, when necessary, appoint three commissioners to set out such homestead to the person or persons entitled thereto."

We have often ruled that the same estate passed by this statute to the widow as was vested in the homesteader at his death, following in this regard the rulings of the supreme court of Vermont prior to the time when these provisions were transplanted from that state here. *Skouten v. Wood*, 57 Mo. 380; *Burgess v. Bowles*, 99 Mo. 543.

It is true as claimed in the able brief of appellant that the homestead estate passes to all the beneficiaries (whether widow or children) "without being subject to the payment of the debts of the deceased;" but it so passes under the qualifications and conditions contained in the law itself. One of these is the proviso that the "children shall by force of this chapter only have an interest in such homestead until they shall attain their majority."

It is a fundamental rule of statutory construction that, if possible, effect should be given to all the language of an act rather than that any part should perish by ascribing a greater and conflicting force to another part. The homestead law should be liberally construed to effect the objects in view in its adoption, but it cannot properly be enlarged by construction to create greater exempt estates than the legislature described in the language used.

We think the minor children, in the case at bar, took the homestead estate free of liability for the debts of the deceased so long as it remained such homestead but that the homestead right of each child expired when it attained majority, according to the law in force in 1873 by which this case is controlled.

We have been greatly aided in our investigation of this subject by the pertinent suggestions in the written opinion rendered herein by the special judge who tried the cause.   We concur in this conclusion that the plaintiff cannot recover and accordingly affirm the judgment. All the judges concur, except BRACE, J., absent.