Davidson v. Davis.

DAVIDSON *et al.*, *Plaintiffs in Error*, v. DAVIS *et al*

1. **Homestead.** The law in force, at the time of the death of the husband, determines the homestead rights of the widow.

2. **Devise of Lands to Widow**: HOMESTEAD. A widow cannot take a devise of land under her husband's will and also claim a homestead in his lands.

3. ——— : ——— : ELECTION. In such case she must make her election, but no formal act of election on her part is required, and it may be determined from her acts and conduct whether she chooses to accept the provisions of the will or to take a homestead.

4. ———. The widow's right of election in such case is not transmissible to her heirs.

*Error to Livingston Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED.

*L. H. Waters* for plaintiffs in error.

(1) As the law stood when the husband died the widow took an estate in fee-simple to the extent of a homestead, and on her death it went to her heirs, lineal and collateral. *Skouton v. Wood*, 57 Mo. 380 ; *Gragg v. Gragg*, 65 Mo. 346 ; *Brown v. Brown*, 68 Mo. 338. (2) It was an estate created by the statute and beyond

the power of the husband to dispose of by will. *Register v. Hensley*, 70 Mo. 194; *Bryant v. McCune*, 49 Mo. 546; *Hastings v. Myers*, 21 Mo. 519; *Reddish v. Walsh*, 15 Mo. 537. (3) It vested by operation of law, and any disposition of it, except as authorized by law, was absolutely void. *Howe v. McGiven*, 25 Wis. 525; *Brutten v. Fox*, 100 Mass. 234; *Cox v. Wilder*, 2 Dill. C. C. 46; *Hubbell v. Canady*, 58 Ill. 425. (4) It was not necessary that the widow should have asserted her claim; it is sufficient if she did nothing to waive or defeat her right. *Vogel v. Montgomery*, 54 Mo. 584; *Cox v. Wilder*, 2 Dill. C. C. 46; *Myers v. Ford*, 22 Wis. 139. (5) Section 15, page 541, Wagner's Statutes, relates to dower in real estate only, and does not affect dower in personalty, nor can it be applied to the homestead. *Halbert v. Halbert*, 15 Mo. 453; *Pemberton v. Pemberton*, 29 Mo. 412. A devise, in order to defeat a widow's right to a homestead, must have been in lieu thereof, or utterly inconsistent therewith. *Bates v. Bates*, 97 Mass. 375; *Gragg v. Gragg*, 65 Mo. 396. And no provision in a will can defeat the homestead, unless the widow takes under such provision and is thereby concluded from claiming homestead. *Meech v. Est. of Meech*, 37 Vt. 414; Thompson on Homesteads, sec. 545. (6) The fact that she said to some of her neighbors that she was satisfied with the will was not an admission inconsistent with her claim to a homestead. No sale was made by the administrator until after her death, and no one pretends to have acted upon her statement. *Taylor et al. v. Zebb*, 14 Mo. 488; *Valle v. Clemens*, 18 Mo. 457; *Wallace v. Truesday*, 6 Pick. 456; *Newman v. Hook*, 37 Mo. 207; *Rogers v. Marsh*, 73 Mo. 67. (7) In California it has been held that acceptance of letters of administration by a widow who is residuary legatee does not amount to a waiver of homestead. *Sulzberger v. Sulzberger*, 50 Cal. 385. (8) This is a contest between the widow's heirs and the purchasers at the

administrator's sale. The entire estate was sold to pay
Rossen's debts, and the purchasers at that sale now in-
sist that the provisions of Rossen's will, under which
the widow got nothing, preclude her heirs from claiming
a homestead. First Leading Cases in Equity, 536.
(9) Plaintiffs are not concluded from claiming the home-
stead because some of them bid on some of the lands
sold by the administrator, nor because they did not
commence this suit until nearly two years after that
·ale. Four hundred acres of land were sold. There is
not a word of proof that any of them bid on the lands
embraced within the homestead.

C. H. Mansur and L. T. Collier for respondents.

(1) Charles Rossen died in July, 1874, and the law,
as it then existed and was in force, must control in this
case. Register v. Hensley, 70 Mo. 189; Brown v.
Brown, 68 Mo. 390. (2) Mrs. Mahala Rossen was bound
to renounce the provisions of the will of her deceased
husband, Charles Rossen, made in her favor, before she
could lawfully claim a homestead in the lands of which
he died seized, and having failed to elect, to repudiate
the will and its provisions made in her behalf, and to file
her renunciation thereof, she in law elected to take under
the will, and there is no homestead right in the plaintiff.
(3) The right of election being personal, it is not trans-
missible by descent. Welch v. Anderson, 28 Mo. 299;
Sherman v. Newton, 6 Gray, 307.

HENRY, C. J.—Plaintiffs instituted this suit in the
Livingston circuit court, asking to have a homestead set
apart to them as heirs of Mahala Rossin, who, they al-
lege, died seized of the same. The defendant had a
judgment, and plaintiffs have brought the case here on
writ of error.

Charles Rossin, the husband of Mahala, died in

1874, having by will devised to his said wife eighty acres of land in fee, and a life estate in one hundred acres additional, and bequeathed to her all his personal estate. To others he devised other tracts of land which, with that devised to his wife, constituted his farm. His wife he appointed executrix of his will, which was probated in 1874. Mrs. Rossn qualified as executrix immediately after the probate of the will, but died in 1875, about one year after the death of her husband, having continued her residence on the premises in controversy, where she and her husband had lived for many years, They were childless, and the plaintiffs are Mrs. Rossin's heirs at law. After her death, Albert Stephens was appointed administrator *de bonis non* of her husband's estate, and, pursuant to an order of the probate court of Livingston county, made in July, 1877, sold said land for payment of debts, and John T. Moss purchased, and received the administrator's deed for the same. The order of sale and sale were regular in all respects, and there is no controversy as to their validity, if Mrs. Rossin had no homestead right in the premises. The law in force when Charles Rossin died gave a widow a fee in a homestead, and such was Mrs. Rossin's estate, if she had a homestead right at all.

The defendants claim under Moss. After the death of her husband, Mrs. Rossin qualified and acted as executrix of his last will, and was administering the estate under the will when she died. She repeatedly expressed herself as satisfied with the provisions of the will. She took all of the personal estate of the testator under the will, a provision different from and greater than that made for her by the dower act. There was, it is true, no formal acceptance by her of the provisions of the will; neither did she do or say anything indicative of a purpose to renounce them and claim her homestead. She died without having in any manner repudiated the

will ; but, on the contrary, from the date of its probate to her death, was administering the estate under the will. Plaintiffs, however, are endeavoring in her stead to renounce the provisions of the will, but the right of election is not transmissible by descent. *Welch v. Anderson,* 28 Mo. 298.

She could not take the devise and bequest under the will, and, at the same time, insist upon her homestead right. The right under the will, and that confirmed by the homestead law, were repugnant to each other, and she had to repudiate the one or the other. There is no provision in the homestead law prescribing a formal election or repudiation, similar to those to be found in the law concerning dower and jointure ; but, after the death of her husband, the widow is *sui juris,* and her conduct in relation to her property is treated precisely as that of any other person. There was no one living, except herself, who had any interest in her homestead. She had no children, nor had her husband any. The law gave her the homestead, but she had a perfect right to dispose of it. If, by his will, her husband gave her a different estate in the land from that which the law gave her, she had a perfect right to accept it in lieu of the homestead. No time is specified within which she should make her election, and she could make it immediately. Nor is any particular manner of making the election prescribed. Accepting the bequest under the will, qualifying and acting as executrix of the will, and repeatedly expressing her satisfaction with its provisions in her behalf, are sufficient to prove her acceptance of these provisions, certainly against her heirs. For, even conceding that the above recited acts would not have precluded her from withdrawing such acceptance and asserting her right to a homestead, if she had lived, yet, her acceptance of the provisions of the will cannot be withdrawn by her heirs. It is not a right transmissible by descent. The status of her homestead right is the

same as at her death. Besides, the plaintiffs all lived in the neighborhood. Some of them were present at the sale of the land by the administrator, and several of them bid for the land at the sale, and none of them made an announcement of their claim when it was sold. Mrs. Rossin died in 1875 and this suit was not commenced until September, 1879, and plaintiffs never before, so far as disclosed by this record, laid claim to the land. The defendants purchased without notice of any claim of plaintiffs, and have made valuable, lasting improvements upon the land.

We think that both the law and equity of the case lie with the defendants, and affirm the judgment. All concur.