Burgess v. Bowles.

---

Burgess *et al.* v. Bowles, *Plaintiff in Error.*

1. Homestead: RIGHTS OF WIDOW. The law in force at the time of the husband's death determines the homestead rights of the widow.

2. ———: ———. A widow whose husband died in 1872 took the same estate owned by the deceased in the homestead. (Wag. Stat., p. 698, sec. 5.)

Burgess v. Bowles.

3. ——: ——: ELECTION. The doctrine of election does not apply where the property received by the widow is not greater than she would have the right to take under the homestead law without reference to her husband's will.

4. ——: ——: ——. In such case no formal renunciation of the will by the widow is necessary to confirm her title to the property given her by the homestead law.

*On rehearing.*

5. ——: ——: ——. The doctrine of election applied to the homestead law in force in 1872. (Wag. Stat., p. 698, sec. 5.) (*Affirming Davidson v. Davis*, 86 Mo. 440.)

### *Error to Lincoln Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED AND REMANDED.

*Smith, Silver & Brown* with *R. H. Norton* for plaintiff in error.

(1) The principal question presented for consideration by the record in this case is whether the defendant has a homestead in the land in question notwithstanding her husband's will. The homestead is excepted by act of the law of devises. The husband's will must yield to the will of the legislature. The wife cannot be put aside by the will of her husband to her election of a homestead. She can take both under the will and under the law. *Kaes v. Gross*, 92 Mo. 648, overruling *Davidson v. Davis*, 86 Mo. 440; *Meech v. Meech*, 37 Vt. 419; *Aiken v. Geyer*, 52 Ga. 407. At the death of Vaden Giles the homestead right was vested in his widow, who is the defendant. *Kelsay v. Frazier*, 78 Mo. 111; *Freemel v. McCall*, 73 Mo. 343. The will devises the land in question to the defendant during her widowhood. This could not be construed to be in lieu of dower or other interest in the land. It is an established principle that a provision in the will of the husband in favor of the wife will never be construed by

implication to be in lieu of dower or other interest in his estate given by law. The design to institute the one for the other must be unequivocally expressed. *Hasenritter v. Hasenritter*, 77 Mo. 163; *Bryant v. McClure*, 49 Mo. 546; *Shelden v. Bliss*, 8 N. Y. 31. The statute provides that if the testator pass any real estate by will to his wife such devise shall be in lieu of dower out of the real estate of her husband, whereof he died seized unless otherwise declared in the will. R. S., sec. 2199. This statutory provision changes the rule of the common law. *Hastings v. Meyers*, 21 Mo. 519. But as we have seen it is the settled law of this state that a homestead is excepted out of the law of devise. 92 Mo. 648, *supra*. The statutory rule alluded to has no application here, hence it must needs follow that in any view the devise to the defendant under the will did not affect her homestead right. The defendant, it seems, has by the provisions of the will no dower in the real estate in question, but her homestead remains unaffected by its provisions. (2) The evidence introduced by the plaintiffs over the objections of defendant was inadmissible. R. S., sec. 3962. This evidence in no way tended to impair the homestead rights of the defendant and was, therefore, irrelevant. *Kaes v. Gross*, 92 Mo. 648.

*Martin & Avery* and *Dunn & Colbert*, for defendants in error.

(1) Did Vaden Giles have a homestead in the premises ? It may be inferred that he occupied the land from the date of his purchase, March 19, 1872, to his death in May, 1872, say two months. Was this occupancy, without any declaration on his part, and without title, sufficient to impress the lands with the character and designation of a home or homestead ? *Jackson v. Bowles*, 67 Mo. 609. (2) The defendant, under the

will, took a different estate from that she would take under the law, and failing to renounce the will must take under it. *Register v. Hensley*, 70 Mo. 189; *Davidson v. Davis*, 86 Mo. 440; *Daudt v. Music*, 9 Mo. App. 169. The homestead law under which the defendant claims is copied from the Vermont statute, and with the construction placed upon it by the supreme court of that state. *Skouten v. Wood*, 57 Mo. 380. In that state it was ruled that the doctrine of election applies to homestead as well as dower. *Meech v. Meech*, 37 Vt. 414. When the husband devises his whole estate to his wife, as in this case, she is presumed to claim under the will, and waive her homestead if she fails to renounce the will. *Taylor v. Loller*, 3 S. W. Rep. (Ky.) 165; Thompson's Homestead, sec. 544; *Appeal of Kline*, 11 Atl. Rep. (Pa.) 866; *Estate of Gatzian*, 57 Am. Rep. (Minn.) 43. The case of *Kaes v. Gross*, 92 Mo. 648, does not overrule *Davidson v. Davis*, 86 Mo. 440. Neither is the opinion of Judge SHERWOOD, or what he says in the case, in conflict with *Davidson v. Davis*. The facts in the two cases are different. Judge SHERWOOD's opinion, and what he says in *Kaes v. Gross*, is undoubtedly correct upon the facts in that case. He was construing the homestead law of 1875 (Acts of 1875, page 60, section 1), which amended section 5 of the homestead law of 1865, by limiting the homestead of the widow to a life estate and excepting that estate out of the law of devises, and this exception, as found first in this amendment, is the basis of his opinion. There is no such exception in the laws of 1865 under which the case of *Davidson v. Davis* was decided. The case at bar is governed by the homestead law of 1865, as Vaden Giles died in 1872. *Register v. Hensley*, 70 Mo. 189. (3) The statute referred to in the brief of the plaintiff in error (R. S. 1879, sec. 3962) has no application or bearing whatever upon the question of the admission of the evidence objected to.

BARCLAY, J.—Vaden Giles died in 1872, leaving a will as follows : "First, after all my lawful debts are paid and discharged, the remainder of my estate, real and personal, I give to my wife, Susan Jane Giles, as long as she remains my widow, to dispose of any portion of the estate for her support if necessary. I also constitute my said wife my lawful executrix, to sell and dispose of any property, personal and real, and pay off all lawful debts I owe. And, if there be any property left after her death, it shall be divided among my children."

Plaintiffs are his children. Defendant was his widow. In 1875 she married Bowles.

After defendant's marriage this action of ejectment was brought. The land in question was bought by Giles and partly paid for during his lifetime. He resided on it with the defendant at the time he died and for several months before.

The deed to him as grantee was delivered to defendant after his death. As both parties claim through him as owner, there will be no need to consider any other question of title, on the facts disclosed, than that hereinafter discussed.

For the purposes of this case, the land must be regarded as the homestead of deceased. It was within the legal limits regarding value and extent, and was all the realty he owned. He left some personal property.

Defendant, while his widow, took possession of all this property, had the will probated and paid off a number of his debts. In so doing she probably intended to act under the will, but, after her marriage to Mr. Bowles, she claimed the land by virtue of the homestead law. That is her claim now.

The law in force when Giles died controls the rights of these parties. Under it the widow would take the same estate owned by the deceased in the homestead, his children being adults when this action was begun.

(*Skouten v. Wood* (1874), 57 Mo. 380; *Register v. Hensley* (1879), 70 Mo. 190.)

Plaintiff's counsel contend that, as defendant acted under the will, she must be deemed to have elected the estate thereby created and hence could not take under the homestead law adversely to that estate.

Had she received any greater estate (real or personal) under the will than that which she would otherwise have been entitled to claim under the homestead and administration law, it would be necessary to meet and decide that question.

But the doctrine of election can have no application where the property received is not greater than the party would have the right to take under the law without reference to any will. Plaintiffs did not establish in this case that it was greater. Without such showing the homestead, the subject of this action, must be regarded as vested absolutely in defendant from Giles' death (Wag. Stat., p. 698, sec. 5), as well as his personal property to the extent defined by the administration law then in force. (Wag. Stat., p. 88, secs. 33, 35; *Cummings v. Cummings* (1873), 51 Mo. 261; *Hastings v. Myers' Adm'r* (1855), 21 Mo. 519.)

If there was no property on which the will would operate, as against the widow's absolute statutory rights, there would be no consideration for an election by her and the reason on which the doctrine of election rests would fail. No formal renunciation of the will would be necessary in such case to confirm her title to the property which the law itself gave her. (*Hasenritter v. Hasenritter, Ex'r*, 77 Mo. 162.)

The result reached in the trial court was not in harmony with these views, so we all agree to reverse the judgment and remand the cause.

### On Rehearing.

BARCLAY, J.—During the consideration of this motion it has become apparent that the question whether

the doctrine of election might be applied, under the homestead law prevailing in 1872, will be a controlling one on a retrial of this cause. We deem it, consequently, desirable to express now the conclusion reached on that point with a view to speed the termination of this litigation.

The subject was fully considered by this court in *Davidson v. Davis* (1885), 86 Mo. 440. It was then held that, where a widow accepted, under the will of her deceased husband, property (whether real or personal) greater in amount than that to which she would otherwise have been entitled by law, she could not then insist upon her homestead right if repugnant to the terms of the will.

That decision interpreted the same statute (Wag. Stat., p. 698, sec. 5) applicable in the present controversy. Its ruling that the doctrine of election then applied to homestead estates we approve, adding the following observations : The section in question was transplanted from the laws of Vermont. We have held that we adopted with it the interpretation that had been previously given it in that state (*Skouten v. Wood*, 57 Mo. 380). We find on investigation that the precise point now under consideration arose there in *Meech v. Est. of Meech*, 37 Vt. 414, and substantially the same ruling was then made that has since been declared here in *Davidson v. Davis*, 86 Mo. 440.

The section in question was amended in 1875 (Sess. Acts, 1875, p. 60, sec. 1) into the form it now presents. (R. S. 1889, sec. 5440.) Under it (1887) the case of *Kaes v. Gross*, 92 Mo. 647, originated. In that opinion it was inadvertently assumed that *Davidson v. Davis*, 86 Mo. 440, arose under the present statute, whereas we find, on further examination, that the provisions of law applicable to the two cases were different, *Davidson v. Davis*, being governed, as is the case at bar, by the section as it stood prior to the amendment of 1875. *Kaes v. Gross*,

therefore, should not longer be considered as disturbing the ruling announced in *Davidson v. Davis*, regarding the doctrine of election, in cases arising under the old law.

Whether the facts of the present case bring it within the control of the doctrine referred to cannot be satisfactorily determined from the record now before us.

We hence adhere to the order for reversal and remandment, and overrule the motion for rehearing, with the assent of all the judges.