LINVILLE *et al.* v. HARTLEY, *Appellant.*

Division One, November 7, 1895.

Homestead: WIDOW AND CHILDREN: STATUTE. Under the homestead
act of 1865, on the death of the husband the fee of the homestead
vests in the widow subject only to the possessory rights of infant chil-
dren during minority, and on her death descends to her heirs.

*Appeal from Cole Circuit Court.*—HON. D. W. SHACKLE-
FORD, Judge.

AFFIRMED AND REMANDED.

*J. R. Edwards* and *Silver & Brown* for appellant.

(1) A landlord can not sue his tenant in ejectment without notice to quit being first given. Tyler on Ejectment, p. 206. (2) The other plaintiffs can not recover because their husbands, if they, the plaintiffs, had any interest in the land were necessary parties, and, secondly, because the homestead having descended from Buford Linville at the death of his widow and the majority of his minor children, the title to the property vested in his heirs. *Skouten v. Wood*, 57 Mo. 380. (3) It was peculiarly the province of the jury to say whether defendant was the tenant of the plaintiffs, and they so found and the court erred in disturbing their finding. Tyler on Ejectment, *supra*, 223. (4) Under our statute Hartley could not be dispossessed without notice given in writing sixty days before the end of the year. R. S. 1889, sec. 6370; *Harrison v. Taylor*, 33 Mo. 211; *Forder v. Doris*, 38 Mo. 107. (5) The husbands of Hoffman and Buckner were the proper parties to bring this suit, if their wives had any interest in the land. *Rust v. Goff*, 94 Mo. 512; *Bradley v. Railroad*, 91 Mo. 493; 26 Mo. App. 119.

*A. M. Hough* and *W. S. Pope* for respondents.

That the homestead of the husband, under the law of 1865, descended to the widow in fee, and at her death to her children, to the exclusion of her husband's heirs, is too well settled at this date to require discussion. *Skouten v. Wood*, 57 Mo. 380; *Rogers v. Marsh*, 73 Mo. 64; *Freund v. McCall*, 73 Mo. 343; *Register v. Hensley*, 70 Mo. 194; *Canole v. Hurt*, 78 Mo. 648; *French v. Stratton*, 79 Mo. 560; *Goode v. Lewis*, 118 Mo. 357; *Weatherford v. King*, 119 Mo. 51; *Schorr v. Etling*, 27 S. W. Rep. 395.

BRACE, P. J.—This is an action in ejectment to recover possession of a tract of land in Cole county. The verdict was for the defendant, which, upon motion of the plaintiff setting forth the usual grounds, was set aside and a new trial granted, from which action of the court the defendant appeals.

The undisputed facts are that, in the year 1873, Buford Linville died seized and possessed of the land in controversy, leaving surviving him his widow, Mary Linville, three children by a former marriage, and two by the said Mary, as his heirs at law. At the time of his death he was residing with his wife and family on the land in controversy, containing one hundred and twenty acres, of a value of less than $1,500. After his death his widow continued to reside upon the homestead with her family until the year 1876, when she died, leaving as her heirs at law the two children which she had by the said Buford, and two others which she had by a former husband, all of them minors. The youngest of these children of Mary Linville, widow, became of age on the second of August, 1890, and this suit was instituted on the fourteenth of March, 1893, thereafter.

The plaintiffs are Robert L. Linville and Buford S. Linville, the two children of the said Buford and Mary Linville, deceased, and Fannie Buckner and Sallie Hoffman, the two children of the said Mary by her former husband. The defendant is the husband of one of the daughters of said Buford by his former wife and has acquired the interest of the two other children of the said Buford by that wife, if any, in the premises.

After the death of Mrs. Linville the defendant went into the possession of the land by permission of her administrator with the understanding that he was to keep the same in repair and pay the taxes, and ever since has continued in the exclusive possession thereof,

and denies in his answer plaintiffs' right to the possession.

Upon this state of facts the court gave the following instructions upon the only material issue in the case:

"1. The court instructs the jury that if they believe from the evidence that Buford Linville died in 1873 occupying the land in suit as a homestead, and that the same was of less value than $1,500, and that he left a widow, Mary Linville; that afterward she died leaving the plaintiffs as her only heirs and children, then the same descended to them absolutely to the exclusion of all others.

"2. The court further declares the law to be, that if, upon the death of Mary Linville, she left surviving minor children they became entitled to the possession and use of the land in suit; that said children were so entitled during their minority to the exclusion of all others, and that no adult child had a right to demand possession, while any one of the children were minors.

"If the jury shall believe, and find from the evidence, that Buford Linville, the youngest child of Mary Linville, was born on August 2, 1869, and did not arrive at the age of twenty-one years until August 2, 1890, then the defendant's plea of the statute of limitations can not avail him in this case, and they will disregard all other evidence in regard thereto."

A verdict for the defendant upon this state of facts, under the law as declared in these instructions, was plainly "against the law" and "against the evidence," two of the grounds stated in the motion for a new trial, to which we are compelled to resort to ascertain whether the action of the court thereon ought to be sustained, the court having failed to specify of record the particular grounds upon which the motion was sustained.

On the undisputed facts in the case the verdict was

in the teeth of the law as laid down by the court in its instructions, and as settled by this court in many cases in which the homestead act of 1865 has been construed. See *Skouten v. Wood*, 57 Mo. 380; *Gragg v. Gragg*, 65 Mo. 343; *Register v. Hensley*, 70 Mo. 189; *Rogers v. Marsh*, 73 Mo. 64; *Canole v. Hurt*, 78 Mo. 649; *French v. Stratton*, 79 Mo. 560; *Roberts v. Ware*, 80 Mo. 363; *Burgess v. Bowles*, 99 Mo. 543; *Quinn v. Kinyon*, 100 Mo. 551; *Case v. Mitzenburg*, 109 Mo. 311; *Wheelock v. Overshiner*, 110 Mo. 110; *Anthony v. Rice*, 110 Mo. 223; *Hufschmidt v. Gross*, 112 Mo. 650; *Goode v. Lewis*, 118 Mo. 357; *Weatherford v. King*, 119 Mo. 51; *Schorr v. Etling*, 124 Mo. 42.

The first of these cases was decided in 1874, and the last in 1894, and during all that period there has been "no variableness or shadow of turning" in the rulings of this court, that under that act upon the death of the husband the fee of the homestead vested in the widow, subject only to the possessory rights of the infant children during the period of their minority, and upon her death descended to her heirs at law.

The correctness of this long and well established rule, upon the faith of which property has been changing hands in this state for the last twenty years, can not now be inquired into, much less overturned, as we are asked to do in this case. The action of the court in setting aside the verdict which would have had that effect in this case was eminently proper, and its order granting a new trial is sustained, and, that such trial may be had, the cause is remanded to the circuit court. All concur.