IN RE ESTATE OF C. F. BOWARD: O. F. LIBBY, Administrator, v. H. W. BOWARD, Appellant.

Division Two, May 26, 1921.

1. **HOMESTEAD:** Rights of Widow, Heirs and Creditors: What Law · Governs. When the owner of a homestead dies, leaving a widow and minor children and creditors, the rights of all these parties must be determined by the law in force at the time of the death.

2. ———: ———: ———: Sales By Probate Court: Law of 1895. Under the homestead law of 1895 (Laws 1895, page 186, Section 3620, R. S. 1899), the probate court had no legal right to order the sale of the homestead property, subject to the homestead rights of the widow and minor children, for the payment of debts of the deceased contracted after the acquisition of such homestead, unless legally charged thereon in the life-time of the deceased; and · its order authorizing such sale was *coram non judice.*

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*Bailey & Hart* for appellant.

(1)   The death of Charles F. Boward occurred in 1900 and the petition for sale was not filed until 1918, hence the matter was so stale that the court should not have considered the petition for sale.  Gunby v. Brown, 86 Mo. 253.   (2)   The agreed statement of facts shows that Charles F. Boward died in the year 1900; hence Section 3620, R. S. 1899 (being the homestead law enacted in 1895) would control and fix the rights of the parties in this action, and the appellant contends that under this section the real estate in question passed on the death of the widow of Charles F. Boward to the heir of Charles F. Boward and did not become subject to sale for the payment of the debts of Charles F. Boward. Armor v. Lewis, 252 Mo. 578;   Keene v. Wyatt, 160 Mo. 1.   (3)   The homestead law is a complete code in itself and it is not necessary to refer to the statutes of descent for a settlement of the question of the disposition of a homestead.   Armor v. Lewis, 252 Mo. 578.   (a)   This court has uniformly ruled that under the Act of 1895 the homestead cannot be sold subject to the rights of the widow and minor children.   Brayless v. Cox, 153 Mo. 242;   In re Estate Powell, 157 Mo. 151;   Balance v. Gordon, 247 Mo. 119;   Armor v. Lewis, 252 Mo. 568. (b)   The courts of other States having similar statutes hold that the homestead passes to the heir freed of the debts of the ancestor.   In re Coulson, 95 Iowa, 696, 64 N. W. 755;   Stewart v. Black, 45 S. C. 61, 22 S. E. 774; Scott v. Cunningham, 60 Texas, 566; Miller v. Finnegan, 6 L. R. A. 613.

*C. C. Bigger* and *O. F. Libby* for respondent.

(1)   Upon the death of Charles F. Boward in the year 1900, his homestead in the property which he then owned, was, by the homestead statute then in force, extended in his widow and minor son during the minority of the son and the life or widowhood of the widow, and upon the termination of the homestead interest,  by the

minor arriving at his majority and the death of the widow, the homestead property passed to the heirs of the said Charles F. Boward, by descent, subject to the payment of demands proven and allowed against his estate in the course of the administration thereof. The widow died in the year 1918, and the son had arrived at his majority a number of years prior to her death. Therefore, upon the death of the widow, the homestead was terminated and the real estate became assets for the payment of demands proven and allowed against the estate of said Charles F. Boward, and the order of sale made by the Probate Court, after the death of the widow, was fully warranted by the homestead statute of 1895, which governs in this case. Sec. 3620, R. S. 1899; Laws 1895, p. 185; Poland v. Vesper, 67 Mo. 727; Broyles v. Cox, 153 Mo. 242; Keen v. Wyatt, 160 Mo. 1; Balance v. Gordon, 247 Mo. 119; Armor v. Lewis, 252 Mo. 568. (2) Since, under the homestead statute of 1895, Sec. 3620, R. S. 1899, an application for an order to sell, and the sale of the homestead property to pay debts of the deceased, was postponed until after the death of the widow and the homestead interest thereby terminated, the Yagel demand and the order of the Probate Court for the sale of the real estate to pay the same was not stale, and administrator was not guilty of laches in awaiting the termination of the homestead interest before making application for said order of sale, as he acted as soon as the statute permitted. Authorities, supra; Barlow v. Clark, 67 Mo. App. 340.

RAILEY, C.—Both counsel for appellant and respondent have filed clear and intelligent statements in this court, and there appears to be no dis-
Statement. agreement between them as to the facts. We accordingly adopt respondent's statement, which reads as follows:

"Charles F. Boward died, intestate, in Linn County, Missouri, on August 8, 1900, leaving surviving him, Sophrona E. Boward, his widow, and one minor son, H. W.

Boward, the appellant herein, and seized and possessed of a house and lot in the City of Brookfield, in said Linn County, which premises then as well as now, was of about the value of $1000. The title to said premises was acquired and the deed thereto recorded some time prior to the death of said Boward. From the time said premises were acquired and up to the time of the death of said Boward, he, with his wife and minor son, occupied the same as a homestead, and after his death the same passed to and was occupied as a homestead by the widow and minor son until the son attained his legal majority, and thereafter by the widow until her death which occurred in August, 1918. After the homestead was acquired and the deed thereto recorded, the said Charles F. Boward became indebted to one Con Yagel, which indebtedness was still outstanding and unpaid at the time of the death of said Boward in the year 1900.

"After the death of said Boward, the respondent herein, O. F. Libby, was by the Probate Court of Linn County, Missouri, appointed administrator of the estate of the deceased, duly qualified and since which time has been, and is now so acting. The administrator upon assuming the duties of his office ascertained that the deceased left no personal estate except his household goods and furniture, which were claimed by the widow and were turned over to her as her absolute property. It was also ascertained by the administrator that the said Boward owned no real estate at the time of his death except the house and lot which was then his homestead.

"The debt due from the deceased to the said Con Yagel, was duly presented to and allowed by the Probate Court as a demand against the estate of said deceased and assigned to the fifth class of demands. There were no other debts or demands allowed against said estate. The administrator believed that under the homestead law then in force (Laws of 1895, page 185, Sec. 3620, R. S. 1899), the sale of said property to pay said allowed, demand would have to be postponed until the termina-

tion of the homestead therein, by the minor reaching his majority and the death of the widow.

"The widow died at Linn County, Missouri, in August, 1918, and the son, who is the appellant herein, having become twenty-one years of age some years prior to the death of his mother, the homestead interest in said premises was thereby terminated, and soon thereafter the administrator filed his petition in the Probate Court for an order of sale of said real estate for the purpose of paying the demand of Yagel. The petition for the sale was duly sustained and the sale ordered by the Probate Court. From this order, the said H. W. Boward, appealed to the Circuit Court of Linn County, Missouri, and upon a hearing of the matter in that court, the order of sale made by the Probate Court was in all things sustained, and the appellant brings the case to this court by appeal. It is conceded by the appellant that the proceedings in the Probate Court for the sale were in all respects regular and are not called in question."

Letters of administration were granted to Mr. Libby by the Probate Court of Linn County, Missouri, on September 13, 1905.

The demand of Con Yagel was allowed in the Probate Court on December 13, 1905, for $428.55.

A petition for the sale of the property in controversy was filed in the Probate Court of Linn County, Missouri, at the November Adjourned Term, 1918. The order of sale was made by the Probate Court on February 24, 1919.

Appellant alleges in his statement, that no question arises as to the regularity of the proceedings, and all the facts are admitted in the record, so that there are presented on this appeal but two questions: First; was the claim so stale as to preclude the order of sale? Second; did the property which was the homestead of Charles F. Boward in his lifetime, upon the death of his widow, become subject to the payment of his debts or immediately pass to his son, Henry F. Boward?

Judgment was entered in behalf of respondent, on June 25, 1919. Defendant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled, and the cause duly appealed by him to this court.

I. It is conceded, that Charles F. Boward, the owner of the land in controversy, died on *August 8, 1900;* at the time the Con Yagel debt in question was contracted, as well as prior thereto, said Charles F. Boward, with his wife and this defendant, who was then a minor, held and occupied the land aforesaid, worth about $1000, as their homestead; that the Yagel debt was not secured by a lien of any kind on said land.

Homestead: Widow and Heirs: What Law Governs

It is contended by both parties to this litigation, that the rights of all the parties in interest, *must be determined by the law which was in force on August 8, 1900, when Charles F. Boward died.* This contention is sound and supported by our former rulings, some of which are as follows: Brown v. Brown's Admr., 68 Mo. l. c. 390; Register v. Hensley, 70 Mo. l. c. 194; Davidson v. Davis, 86 Mo. 440; Burgess v. Bowles, 99 Mo. 543; Quinn v. Kinyon, 100 Mo. l. c. 553; Linville v. Hartly, 130 Mo. 252; Keene v. Wyatt, 160 Mo. l. c. 9; Brewington v. Brewington, 211 Mo. 48; Bushnell v. Loomis, 234 Mo. l. c. 384-5; Balance v. Gordon, 247 Mo. l. c. 131; Wright v. Hetherlin, 277 Mo. l. c. 112, 209 S. W. 871; Regan v. Ensley, 222 S. W. l. c. 774.

In Balance v. Gordon, 247 Mo. l. c. 131, Judge LAMM, in clear and explicit language, declared the law of this State, in respect to above matter, as follows:

"Under the doctrine of the Bushnell-Loomis case, we hold that the rights of creditors, as well as those of the widow and minor children, must be measured by the law in existence at the death of the householder."

Pursuing this subject further, we will endeavor to point out in the succeeding proposition, the law as it existed in this State on *August 8, 1900,* when Charles F. Boward died.

II.   In 1895, the General Assembly passed an Act (Session Acts, 1895, p. 186), a part of which, was carried into the Revision of 1899, as Section 3620, and which reads as follows:

"If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his home-

Sales by Probate Court.

—: —: —: stead to the value aforesaid shall pass to and vest in such widow or children, or if there be both, to such widow and children, and shall continue for their benefit without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow; that is to say, the children shall have the joint right of occupation with the widow until they shall arrive respectively at their majority, and the widow shall have the right to occupy such homestead during her life or widowhood, and upon her death or remarriage it shall pass to the heirs of the husband; and the probate court having jurisdiction of the estate of the deceased housekeeper, or head of a family, shall, when necessary, appoint three commissioners to set out such homestead to the person or persons entitld thereto."

The section above quoted, was in full force and effect on the 8th day of August, 1900, when Charles F. Boward departed this life. The rights of the parties to this litigation must, therefore, be determined under the Act of 1895 supra. In construing the latter Act, it is well to take an inventory of the homestead as it existed immediately prior to the law of 1895.

In 1875 the Legislature passed a law (Session Acts, 1875, pages 60-1), *which authorized the probate court to sell the homestead property, for the payment of debts contracted after the acquisition of same, subject to the homestead rights of the widow and minor children.* On the death of the widow, and at the majority of the youngest child, the purchaser under the probate sale, would take the fee simple title to said property. The foregoing construction of the Act of 1875 is sustained

by the following authorities: Wilson v. Wilson, 255 Mo. l. c. 535; Balance v. Gordon, 247 Mo. l. c. 128; Robbins v. Boulware, 190 Mo. 33; Keene v. Wyatt, 160 Mo. 1; Anthony v. Rice, 110 Mo. 223; Poland v. Vesper, 67 Mo. 727.

As the homestead property is *exempt* from execution and attachment, for debts acquired *subsequently* to the acquisition of the homestead, it is manifest, that the Legislature, in the enactment of Section 3620, R. S. 1899, *intended* to cut off the right to sell the homestead property for the payment of debts subsequently contracted, even if the youngest child has reached his majority and the widow is dead. In other words, we have held in legal effect, that when Charles Boward died on August 8, 1900, the title to the homestead real estate at that time, became vested in his heir or heirs, subject to the homestead rights of the widow and minor children, free from the payment of debts contracted after the homestead was acquired. This conclusion is clearly sustained by the following authorities: Broyles v. Cox, 153 Mo. 242; In re Powell's Estate, 157 Mo. l. c. 156; Keene v. Wyatt, 160 Mo. 1; Balance v. Gordon, 247 Mo. l. c. 127; Armor v. Lewis, 252 Mo. l. c. 574, 578; Ehlers v. Potter, 219 S. W. l. c. 916.

Upon a careful review and consideration of this subject, we are well satisfied with the conclusion reached in the foregoing cases, and hold, that under the Act of 1895, as it stood on the 8th day of August, 1900, the Probate Court of Linn County, Missouri, had no legal right to order a sale of the property in controversy for the payment of the Yagel demand.

The petition of this court, in respect to above matter, is strongly supported by the subsequent legislative construction placed upon Section 3620, R. S. 1899, by the General Assembly, in 1907, when it passed an amendatory Act (Laws 1907, p. 301), which *authorized* the probate court, under the circumstances of this case, *to order the sale of the homestead property subject to the rights of the widow,* provided the *heirs* of the *husband* were per-

sons *other than his children,* etc. It is manifest, that the Legislature, recognizing the law as declared by this court, which precluded a sale of the homestead property *absolutely* under the Act of 1895, concluded to modify the same, by allowing said property to be subjected to the payment of creditors' demands, where the *heirs* of the husband were *not* his *children.*

Upon a reconsideration of this entire subject, the author of this opinion, is *now* satisfied that the observations indulged by him in the way of criticism, of Armor v. Lewis, 252 Mo. 568, and Balance v. Gordon, 247 Mo. 119, in Fields v. Jacobi, 181 S. W. 1. c. 68, are not well grounded, and should be withdrawn, as we are now in full accord with the views expressed in said opinions.

III. In view of the conclusion heretofore reached, it is not necessary to consider the alleged *staleness* of the Yagel demand. According to our conception of the law, the respective judgments of the Probate Court and circuit court, authorizing the sale of the property in controversy for the payment of above demand, are *coram non judice.* We accordingly reverse the case without remanding same. *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.