Note.—See under (1) 15 C. J. p. 1004, §418; 28 C. J. p. 1223, §388; p. 1239, §411. (2) 28 C. J. p. 1223, §388; p. 1239, §411; 12 R. C. L. p. 1154; 2 R. C. L. Supp. p. 1563; 6 R. C. L. Supp. p. 470. (3) 28 C. J. pp. 1239, 1240, §411. (4) 28 C. J. p. 1165, §281; 12 R. C. L. p. 1128; 2 R. C. L. Supp. p. 1557; 4 R. C. L. Supp. p. 786. (5) 4 C. J. p. 897, §2867; p. 1113, §3094; p. 1192, §3230; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.

---

### FEDERAL NAT. BANK v. MILLER.

No. 17772.    Opinion Filed Nov. 22, 1927.

(Syllabus.)

**1. Taxation—Registration Tax Law Inapplicable to Notes and Other Choses in Action Becoming Property of Banks.**

Under section 9608, C. O. S. 1921, providing that certain choses in action shall be registered for taxation, exempts banking corporations from listing such papers where the bank becomes the absolute owner thereof, for the reason that such corporations pay taxes on their capital stock, surplus and undivided profits in lieu of taxes on specific items of their assets.

**2. Same—Construction of Statutory Term "Held" by Bank.**

The word "held," as contained in the exempting clause of section 9608, C. O. S. 1921, is construed to mean absolute ownership in the bank holding the character of paper as defined in said section, and the exemption applies to such paper without reference to whether the paper was originally executed in favor of the holding bank or acquired by purchase.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by the Federal National Bank

against J. R. Miller. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

Goode & Dierker, for plaintiff in error.

John T. Levergood and F. H. Reily, for defendant in error.

LESTER, J. The parties to this appeal occupy the same position as in the superior court of Pottawatomie county, Okla.

The plaintiff filed its petition in the superior court of Pottawatomie county, Okla., in which it alleged that it was a corporation duly organized and doing business under and by virtue of the national banking laws of the United States. It alleged that it was the owner of and in possession of a certain series of notes which defendant had executed in favor of the Norton Motor Sales Company, of Shawnee, Okla. The plaintiff further alleged that the defendant had refused, failed, and neglected to pay said notes. Plaintiff further alleged that the notes were secured by a chattel mortgage on an automobile. The plaintiff in the same case also sued out a writ of replevin for the possession of the said automobile, and the sheriff, acting under said writ, took possession of the automobile, and after holding the same 24 hours, and the defendant having failed to execute a redelivery bond, said property was then delivered to the plaintiff. It appears that the plaintiff thereafter sold the said automobile for the sum of $220.

The defendant in his answer denied that the plaintiff was the owner of said notes mentioned in said petition, and also alleged that the Norton Motor Sales Company had deceived, defrauded, and damaged the defendant in the sale of said automobile to the defendant. The defendant also filed a cross-petition in which he alleged that the plaintiff had wrongfully converted the automobile to its own use and benefit and without authority of law.

Trial was had to the court and jury, which resulted in a judgment in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

The plaintiff in its argument presents three propositions as ground for reversal, but under our view of the case and under the theory of the case as adopted by the trial court, as well as under the pleadings, we think it only necessary to discuss proposition No. 3 found in plaintiff's brief, to wit:

"Under the law, these notes being owned by and the property of a bank, no registration tax was payable on them."

The plaintiff in the trial of said cause offered in evidence the testimony of Joe Ellis, cashier of the bank. The witness undertook to identify certain notes executed by the defendant, which notes aggregated the sum of $630. The defendant thereupon objected to the introduction of the notes for the reason that all the notes with one exception were for more than eight months duration, and it was not shown that the tax on the same had been paid as required by section 9608, C. O. S. 1921. The court thereupon sustained the objection of the defendant to the introduction of the notes, save and except the one note which aggregated the sum of $30 with interest. The plaintiff offered to show by the said witness "that these notes are at this time and have been ever since immediately after their execution owned by the Federal National Bank and the property of the Federal National Bank, a corporation of Shawnee, Okla., and that it has paid the taxes required by law on its capital stock." The defendant thereupon objected to the introduction of said evidence on the ground that the same was incompetent, irrelevant, and immaterial and did not make said notes admissible in evidence under the law for the reason that the same had not been registered for taxation and taxes paid thereon as required by law. The court sustained this objection and the plaintiff here contends that the refusal of the court to permit the witness to testify that the bank was the owner of said notes, together with the refusal of the court to permit the introduction of said notes, constituted prejudicial error upon the part of the court.

The defendant in error in his answer brief, at page 9, says:

"The defendant does not make any reply to the argument of the plaintiff based upon the admissibility of these notes and the alleged error of the court in excluding them. It was clearly harmless and the rejection of the notes would have neither added to nor taken from the plaintiff any right that it had in this action."

The defendant in his cross-petition in said cause stated:

"This defendant prays that upon his cross-petition he have judgment against the said plaintiff for the reasonable market value of said car in the sum of $500, and that if it be adjudged that the plaintiff was the owner and holder of said notes in good faith at the time of the filing of this suit, that the plaintiff be permitted a credit upon the

amount that the defendant' recovers from the plaintiff in the sum and amount that the court shall so find due said plaintiff herein."

The court, following the theory of the defendant's cross-petition, submitted its instruction No. 5 to the jury, which is as follows:

"The court instructs you that the question that will be submitted for your consideration at this time is whether or not the car, at the time it was sold, was worth more than the plaintiff reported into court. The court instructs you that the question that will be submitted to you for your consideration at this time is what you may find, by a fair preponderance of the evidence, that the car was worth at the time it was sold, and the defendant will be entitled to judgment against the plaintiff for the difference between what you may find by a preponderance of the evidence the car was worth at that time, and the amount you find due the plaintiff on its $30 note."

We cannot agree with the defendant in error that the refusal of the court to permit plaintiff to introduce the notes in evidence constituted · harmless error, for under the defendant's own cross-petition he asked that if it was shown that the plaintiff bank was the owner of said notes, "that the plaintiff be permitted a credit upon the amount that the defendant recover from plaintiff." The notes tendered by plaintiff in evidence represented the total sum of $630. The court excluded from the jury all the notes so tendered in evidence save and except one note representing the sum of $30, with interest thereon. The jury returned their verdict in favor of the defendant and assessed his recovery at $450 "less $30 note with interest." It therefore appears that the notes which plaintiff sought to introduce in evidence exceeded the amount the defendant recovered against plaintiff, thus clearly indicating that the notes so excluded by the court constituted the vital issue in the case. The defendant was the only witness in his behalf, and he testified to no fact disputing plaintiff's ownership of said notes; in fact, the court instructed the jury that as to one note, admitted in evidence, representing the sum of $30, it was the duty of the jury to find in favor of the plaintiff as to this particular note; and from the entire record in the case we are of the opinion that the only question presented here for review is whether or not the court committed error in sustaining the objection of the defendant to the offer of the notes and ownership thereof in evidence.

Section 9608, C. O. S. 1921, provides in part:

"Any person owning any bond, note of any duration of over eight months or other choses in action evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond, note of a duration exceeding eight months, or other choses in action, resides or he may send a description of the same to said county treasurer, and pay to the said county treasurer a tax of two per centum of the face amount thereof for five years, or, at the option of such person, for a greater or less number of years at the same rate, * * * and, provided, further, the bonds, notes and other chose in action, evidenced in writing held by banking corporations which pay taxes on its capital stock, surplus and undivided profits, shall not be subject to the provisions of this act."

Section 9610, C. O. S. 1921, allows 60 days from the date of execution of the evidence of such indebtedness within which to register the same for taxation.

Section 9613, C. O. S. 1921, provides that no bond or note of over eight months' duration which has not been registered with the county treasurer of the county in which it is located and tax paid in accordance with the said act, shall be admitted in evidence in any · of the courts of the state of Oklahoma.

It must be observed that section 9608, supra, provides that the owner of certain choses in action must present the same to the county treasurer and pay the taxes thereon. The same section exempts banking corporations which pay taxes on their capital stock, surplus, and undivided profits from the operation of said tax when such choses in action are "held" by them. It here becomes important to give consideration to the word "held," as used in the statutes and as applied to the use when referring to property.

"As a technical term 'held' embraces two ideas—that of actual possession of some subject of dominion or property, and that of being invested with legal title or right to hold or claim such possession." Witsell v. City of Charleston, 7 S. C. 88.

Section 9608, supra, makes it mandatory upon the owner of certain choses in action to register the same for taxation with the county treasurer and to pay the taxes thereon, save and except where such choses in action are held by a banking corporation which pays taxes on the capital stock, sur-

plus, and undivided profits. It is our judgment that the word "held" is to be construed as meaning absolute ownership in the bank which holds possession of the character of choses in action as mentioned in section 9608, supra. The statute does not discriminate between the class of paper made payable to the bank by the payor and the class of paper "held" by the bank on account of purchase. When notes, bonds, and other classes of choses in action are sold to a banking corporation, they become as much the assets of such corporation as if the paper were made payable direct to said banking corporation. Such paper when bought by the bank becomes a part of its assets and its assets fix the actual cash value of the shares of the stock therein, and when the bank becomes the owner of such choses in action as mentioned in section 9608, supra, a different method is adopted by the state in subjecting said property for taxation.

Of course, the holding for collection of notes and bonds by a banking corporation would not excuse such notes and bonds and other choses in action from taxes being paid thereon as provided by section 9608, supra, and, in order to exempt such property from said taxing provision it must be absolutely owned by a banking corporation and accounted for as part of its assets. We cannot readily see how the true owner of the bonds, notes, etc., by merely transferring possession of the same to a banking corporation may seek to escape the provision of section 9608, supra; however, but little annoyance should be expected from this practice, for the reason that the word "held" must be construed to mean absolute ownership by the bank having possession of this character of property, as any less degree of interest held by the bank would render such paper taxable as provided by section 9608, supra.

Judgment is reversed, with directions to the trial court to proceed with the said cause not inconsistent with the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.