## OKLAHOMA CITY v. BOARD OF EDUCATION OF OKLAHOMA CITY.

No. 27821.   Jan. 4, 1938.

Rehearing Denied Jan. 18, 1938.

540

A. L. Jeffrey, Municipal Counselor, A. P. Van Meter, Ass't Municipal Counselor, for plaintiff in error.

Frank Wilkins, for defendant in error.

RILEY, J. The city of Oklahoma City was required by the judgment below to deed to the board of education of Oklahoma City block 12 of Military addition to Oklahoma City.

It appears that the city acquired the land involved from the federal government under the Act of Congress August 8, 1894, Public 176, c. 237, 28 Stat. 264, providing that the abandoned military reservation of Oklahoma City in Oklahoma Territory be granted to Oklahoma City in trust for the use and benefit of its public free schools and providing for reservation of portions of said reservation for public purposes and the location thereon of public buildings and for park purposes.

Block 12 of said addition was set aside for public buildings, and by various proceedings the said city has accepted and sought to carry out the purposes of the act of Congress. However, upon proper demand, the city refused the request of the school for a deed to the land involved.

It appears that the board of education, defendant in error, has been in constant possession of all of said block 12 since the year 1903, and during said time it has used said property for school purposes.

Section 6862, O. S. 1931, reads as follows:

"Any city of the first class or town is hereby authorized and required upon the request of the board of education of such city or town to convey to such board of education all property within the limits of any such city heretofore purchased by any such city for school purposes and now held and used for such purposes, the title to which is vested in any such city or town."

Plaintiff in error asserts that the requirements of the section above quoted should be strictly construed, and it is urged that a strict construction of the two conditions required by the statute, "purchase" and "held," would justify this court in departing from a technical view that "purchase" includes all modes of acquisition of real estate other than by descent. Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449; United States v. Hale, 51 Fed. (2d) 629; City of Enterprise v. Smith (Kan.) 62 P. 324, and that the word "held" might be made to connote ownership. We agree with the decisions cited holding that the right of purchase does not confer the power of eminent domain or the right of condemnation proceedings, but here the interest is otherwise.

It is urged that the word "held" denotes ownership in certain instances, such as where property is sought to be taxed. Federal Nat. Bk. v. Miller, 128 Okla. 82, 261 P. 206; Wey v. Salt Lake City (Utah) 101 P. 381; In re Williams' Estate (Nev.) 161 P. 741, L. R. A. 1917C, 602.

But in the instant case the word is employed as construed by the learned trial judge, and it is intended to apply to a trust relation as contemplated by the act of Congress.

Judgment affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ. concur. BAYLESS, V. C. J., and GIBSON and DAVISON, JJ., absent.