

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 7, 1971

Hon. C. G. Haas
Secretary, Board of Regents
Stephen F. Austin State University
Nacogdoches, Texas 75961

Opinion No. M- 832

Re: Authority of Stephen F.
Austin State University
to jointly own, or lease,
a football stadium with
an independent school
district, and related
question.

Dear Mr. Haas:

Your recent letter requesting the opinion of this office concerning the referenced matter poses the following questions:

"(1) Can the University jointly own a stadium with an individual school district;

"(2) Can the University enter into a long-term lease for a stadium owned by an independent school district;

"(3) Would the enactment of a new statute authorizing either of the first two above achieve the necessary authority for the University to do either of the above two proposals?"

Article 2909a, Vernon's Civil Statutes, was enacted in 1939 and has remained unchanged to the present time; it provides, in part, as follows:

"Section 1. The Board of Directors of Texas Technological College, the Board of Directors of the Texas Agricultural and Mechanical College, the Board of Regents of the University of Texas, the Board of Directors of the State Teachers' Colleges of Texas, the Board of Directors of the Texas State College for Women, and the Board of Directors of the College of Arts and Industries, are hereby authorized and empowered to erect and equip, and to contract with any person, firm or corporation, for the erection, completion and equipping of dormitories, cottages or stadiums, to be erected

-4028-

either on the campus or real estate then owned by said colleges, <u>or on other real estate purchased or leased for the purpose, and the said Boards of Directors are hereby expressly authorized to purchase, or lease, additional real estate for such purposes</u> . . .

"Sec. 2.   <u>The Boards aforesaid are hereby authorized</u> and <u>empowered to enter into contracts with municipalities or school districts for the joint construction of museums, library buildings, or such other buildings as may be deemed necessary</u> . . ."   (Emphasis added.)

Stephen F. Austin State University (Article 2647f, V.C.S.) was a State Teachers College at the time of the enactment of Article 2909a, supra, and is, therefore, one of the institutions covered by the provisions of that Article.  See Article 2647f, Vernon's Civil Statutes.  Its control and management is vested in a board of nine regents, which is empowered to exercise the same powers, duties, and responsibilities as were formerly exercised by the Board of Regents, State Senior Colleges.  Article 2647f-1, Sections 1 and 9, Vernon's Civil Statutes.  This Board was formerly the Board of Regents of the State Teachers Colleges. See Article 2644a, Sec. 1, Vernon's Civil Statutes.

Under Article 2647, Vernon's Civil Statutes, the Board of Regents of the University has the responsibility of the general control and management of the institution and is expressly given the power and authority to acquire either by "purchase or condemnation" such lands within the counties where such University is located as the board "may deem expedient" for the use of the University "for purposes necessary in the conduct thereof."  As we view this broad grant of power, the purchase relative to land "generally means the acquisition of real estate by any means whatever except by descent."  Black's Law Dictionary, Fourth Edition, citing <u>Kelly v. Southworth</u>, 38 Wyo. 414, 267 P. 691, 692 (1928); <u>Lindburg v. Bennett</u>, 117 Neb. 66, 219 N.W. 851, 855 (1928); <u>Oklahoma City v. Board of Education of Oklahoma City</u>, 181 Okl. 539, 75 P.2d 201 (1938).

The Board of Regents of the University under Article 2909c, Vernon's Civil Statutes, is further expressly authorized to "conduct, acquire, improve and equip . . . buildings and other structures . . . and acquire land for said additions, buildings and other structures if deemed appropriate by said governing body. Said . . . organization may be accomplished in whole or in part with proceeds of loans obtained from any private or public source."

The board may also, without cost to the State of Texas, acquire or construct dormitories, kitchens, and dining halls, hospitals, libraries, student activity buildings, gymnasia, athletic buildings and stadia, and such other buildings as may be needed for the good of the institution and the moral welfare and social conduct of the students . . ."   See Article 2603c, Vernon's Civil Statutes.

The authority to "acquire" means to gain by any means (Black's Law Dictionary, 4th Edition, p. 41) and acquisition by lease would be included.

In Attorney General's Opinion No. O-6911 (1945), this office held that"the Board of Regents of the State Teachers College is authorized to lease the land in question to the City of Nacogdoches under a long-term lease for the purpose of jointly constructing buildings considered necessary" for athletic and recreational facilities, including a football field, etc.

While not the subject of inquiry, we note in passing that a special fund was established by the College Building Amendment (Article VII, Section 17, Constitution of Texas) for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements for the designated colleges, and as to those participating in such fund, it is further provided that they "shall not thereafter receive any other state funds" for such acquisition or construction for which the five cents ad valorem tax is therein provided, except in case of the contingencies specified.  This does not prohibit, however, the Legislature from making appropriations for the acquisition of additional land or other type permanent improvements.  Attorney General's Opinion No. V-827 (1949).

We have also found authority in Section 20.50 of the Texas Education Code expressly authorizing contracts for any period, not exceeding 75 years, with terms as may be agreed upon by the parties, to be entered into by and between independent school districts and any corporation, city, or any institution of higher learning, "for the use of any stadium and other athletic facilities owned by or under the control of any such entity."

In view of all of the foregoing, including the cited statutes when read in pari materia, we have no doubt that Stephen F. Austin State University has the power to acquire an ownership interest in an existing stadium owned by another entity, or to lease such a stadium.  We accordingly answer your first two questions in the affirmative.

We are unable to answer your third question, which is entirely conjectural, for this would violate the settled policy of this office against passing on the text of a nonexistent, hypothetical statute.

## S U M M A R Y

Stephen F. Austin State University may acquire a joint ownership interest in a football stadium owned by an independent school district, or may enter into a long-term lease for a football stadium owned by such school district.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
NOLA WHITE
First Assistant

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Davis
James McCoy
Bob Lattimore
Richard Chote

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant